UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL LOUMENA,
      Plaintiff,

              No. CV 02-856-MO

 v.

              OPINION AND ORDER

LES SCHWAB TIRE CENTERS OF
PORTLAND, INC.,
      Defendant.

**MOSMAN, J.,**

  In this employment action, plaintiff originally brought eight claims: (1) a federal overtime claim; (2) an overtime claim under Oregon law; (3) a penalty wage claim; (4) a claim for ERISA interference; (5) a FMLA interference claim; (6) an OFLA interference claim; (7) a claim for common law wrongful discharge; and (8) a claim for workers' compensation discrimination. Plaintiff dismissed his overtime claims at the first trial of this action, which ended in a mistrial due to a deadlocked jury. Plaintiff dismissed his workers' compensation discrimination claim at the second trial. In the second trial, the jury found for plaintiff on his FMLA claim, and the court found for plaintiff on his ERISA claim on the basis of the jury's FMLA determination. The jury found against plaintiff on his wrongful discharge claim, and the court found against plaintiff on his OFLA claim. Plaintiff received $21,793.68 from the jury and the same amount in liquidated damages from the court on the FMLA claim only. Before the court are plaintiff's petition for $106,285.92 in attorneys' fees and plaintiff's cost bill for $10,701.22.

I.  Attorneys' Fees

  Defendant does not dispute that plaintiff is entitled to fees as the prevailing party in this

PAGE 1 - OPINION AND ORDER

action. Calculating a reasonable fee award is a two-step process:

> First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended and multiplying it by a reasonable hourly rate. Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the *Kerr*[1] factors not already subsumed in the initial lodestar calculation.

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fees; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and availability of the attorney; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.[2] *Kerr*, 526 F.2d at 70.

      A.      Hours reasonably expended

Plaintiff concedes that his wage and hour claims are not related to his successful claims in this action. The court further finds that plaintiff's workers' compensation claim is not related to the claims on which plaintiff succeeded. Plaintiff's workers' compensation discrimination claim was based on allegations that defendant failed to place plaintiff in a suitable position after he suffered an accepted injury, and instead forced plaintiff to perform work that exceeded the

---

[1] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975).

[2] Although *Kerr* also lists "whether the fee is fixed or contingent" as a factor to consider in setting a fee award, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. *See City of Burlington v. Dague*, 505 U.S. 557 (1992).

PAGE 2 - OPINION AND ORDER

limitations recommended by plaintiff's doctor. In contrast, plaintiff's ERISA and FMLA claims alleged that defendant terminated plaintiff to prevent plaintiff from exercising his rights under these acts. Because these claims are not related, the court strikes plaintiff's requested attorneys' fees for time dedicated to plaintiff's workers' compensation claim. *Hensley v. Eckerhart*, 461 U.S. 424, 434-435 (1983) (prevailing party on certain claims is not entitled to attorneys' fees for work on unsuccessful, unrelated claims).[3] The court further strikes plaintiff's claimed hours associated with an attempted mediation, which plaintiff proposed and subsequently cancelled unilaterally.

Defendant argues the court should not award fees for any time spent on plaintiff's ERISA claim because plaintiff received no relief on that claim – i.e., while the court found for plaintiff on this claim, it did not award any additional damages. *Fischer*, 214 F.3d at 1118 ("a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"). Defendant's argument lacks merit because plaintiff's ERISA claim was based on the same operative facts as plaintiff's successful FMLA claim and would have required the same work from plaintiff's counsel. Accordingly the court finds the hours plaintiff dedicated to his ERISA claim were reasonably expended.

In sum, the court finds plaintiff reasonably expended 384.38 hours in litigating successful claims or claims related to successful claims.

---

[3] The court does not, however, strike hours expended by plaintiff's attorney Overcash related to the deposition of Dr. Hermans. Dr. Hermans treated plaintiff for his knee injury (the injury for which plaintiff sought FMLA leave) and testified regarding the nature of the injury and regarding plaintiff's cancellation of an appointment due to his loss of health insurance after his termination. This testimony is relevant to the ERISA and FMLA claims.

B.  Reasonable hourly rates

Defendant objects to the hourly rates sought for plaintiff's attorneys Crispin ($300), Rissberger ($240), Russell ($230), Rhony ($230), and Overcash ($150). The court finds Mr. Crispin's claimed hourly rate of $300 reasonable in light of similar rates charged by other civil litigation plaintiffs' attorneys in the Portland area,[4] and Mr. Crispin's extensive experience and expertise in representing plaintiffs in employment actions. The court further finds the rates sought for attorneys Rissberger and Overcash are reasonable for Portland area attorneys in similar areas of practice and with similar levels of experience. The court finds an hourly rate of $225 reasonable for an attorney of Ms. Russell's experience and expertise. Finally, because plaintiff failed to offer any support for Ms. Rhony's claimed hourly rate of $230, the court sets Ms. Rhony's rate at $183, the average for civil litigation plaintiffs' attorneys in the Portland area.

C.  Lodestar

The chart below summarizes the court's rulings on plaintiff's fee petition.

|            | Hours sought | Reduction | Hours granted | Rate($) | Total ($) |
|------------|--------------|-----------|---------------|---------|-----------|
| Crispin    | 238.73       | 24.65     | 214.08        | 300.00  | 64,224.00 |
| Rissberger | 40.9         | 5.6       | 35.3          | 240.00  | 8,472.00  |
| Russell    | 3.7          | ----      | 3.7           | 225.00  | 832.50    |
| Rhony      | 0.3          | ----      | 0.3           | 183.00  | 54.90     |
| Overcash   | 151.3        | 26.8      | 124.5         | 150.00  | 18,675.00 |
| Paralegals | 14.5         | 8.0       | 6.5           | 94.83   | 616.40    |

---

[4] Oregon State Bar's 2002 Economic Survey. *Oregon State Bar 2002 Economic Survey*, available at http://www.osbar.org/surveys_research/snrtoc.html (September 2002).

| LODESTAR | $92,874.80 |

Defendant notes that plaintiff's requested fee is nearly five times the jury award, which defendant argues is excessive given plaintiff's limited degree of success. *Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003) ("The most critical factor in determining the reasonableness of a fee award is the degree of success obtained."). Defendant further argues the court should reduce the lodestar because the case was not complex. *Kerr*, 526 F.2d at 70 (listing the complexity of a case as a factor for the court to consider in enhancing or reducing a fee award).

Plaintiff succeeded on only two of the eight claims he originally brought. The court agrees that the lodestar should be reduced on the ground that plaintiff achieved only limited success in a simple and straightforward case. Accordingly, the court grants plaintiff $75,000 in attorneys' fees.

II.     Costs

The court strikes $515.26 in process server fees for witnesses exclusively related to plaintiff's wage and hour claims. The court further strikes $138.75 in costs incurred in reproducing the deposition transcript of Randy Friedman, whose testimony was relevant only to plaintiff's unsuccessful overtime claims. Because plaintiff could not identify what portion of the claimed $3,297.20 in copying costs were incurred in relation to plaintiff's unsuccessful and unrelated claims, the court strikes half of these claimed costs.

Plaintiff seeks $2,529.28 for expert witness fees, but only substantiates $1,180.00 of those claimed fees. The court therefore strikes $1,349.28 from plaintiff's claimed expert witness

fees. Finally, the court strikes $429.24 in witness fees for witnesses Lehman, Smith, Swaford, Magden, Fincher, Molinski, Rivera and Woodworth. These witnesses' testimony related only to the dismissed overtime claims, and none of these witnesses appeared at trial.

The chart below summarizes the court's rulings on plaintiff's cost bill.

| | |
|---|---|
| Claimed costs | $10,701.22 |
| Wage & hour claim subpoenas | -    515.26 |
| Friedmann deposition | -    138.75 |
| Copying costs for workers' compensation and overtime claims | -  1,648.60 |
| Unsubstantiated expert fees | -  1,349.28 |
| Witness fees for Lehman, Smith, Swaford, Magden, Fincher, Molinski, Rivera and Woodworth | -    429.24 |
| **Total Costs Granted** | **$ 6,620.09** |

III.  Conclusion

Plaintiff's petition for attorneys' fees (#171) is granted in the amount of $75,000.

Plaintiff's bill of costs (#175) is granted in the amount of $6,620.09.


IT IS SO ORDERED.

DATED this 7th day of April, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge